UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JP MORGAN CHASE BANK
NATIONAL ASSOCIATION,

      Plaintiff,

v.                                        Case No. 13-13439

JANET A. MAZUR and                     HON. AVERN COHN
MICHAEL R. MAZUR,

      Defendants.
_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND FOR
## DISQUALIFICATION (Doc. 8)

I.

      This is a state court eviction action. Defendants removed the case from Wayne

County Circuit Court. On August 27, 2013, the Court remanded the case to state court

on the grounds that it lacked subject-matter jurisdiction. (Doc. 5).

      On September 9, 2013, defendants filed the following motion styled:

      Janet A. Mazur and Michael R. Mazur. Citizens Defendants' Motion fore
      Reconsideration of the ORDER MEMORANDUM AND ORDER REMANDING
      CASE TO WAYNE COUNTY CIRCUIT COURT that is also pending IN THE
      STATE OF MICHIGAN MUNICIPAL COURT FOR GROSSE POINTE SHORES
      DIVISION (WOODS). NOTICE OF REMAND Dated August 27, 2013 Pursuant
      to the Federal Rule of Civil Procedure for the United States District Court, Rule 9
      Pleading Special Matters before the Honorable Gerald E. Rosen and
      disqualifying the Honorable Avern Cohn for Rehearing Defendants Motion for
      Reconsideration. Defendants Pleading to — Pleading to — Pleading in propia
      cause nemo judex – "No one can be Judge in his own cause" that is to say that
      Judge Avern Cohn cannot judge his own cause and argument to the 5th and 7th
      Amendment to the Constitution of the United States.

Defendants' motion and brief run 35 pages. From what can be gleaned, defendants ask

the Court to reconsider the order of remand and ask the undersigned to be disqualified

from hearing further matters in this case.  For the reasons that follow, the motion for

reconsideration and for disqualification will be denied.

II.

Litigation between the parties began in 2009 when defendants, who had an

interest in the real property at issue but defaulted on their loan obligations, sued Chase

and Washington Mutual in state court.  Chase removed the case to federal court, where

it was assigned to a different district judge who dismissed it.  <u>Mazur v. Washington</u>

<u>Mutual</u>, case no. 09-13371.  In 2011, Janet Mazur filed a second case in state court

regarding the same loans which were the subject of the 2009 case.  Chase removed the

case to federal court and indicated that it was related to the 2009 case.  After the district

judge in the 2009 case recused himself, the 2011 case was assigned to the

undersigned and dismissed.  <u>Mazur v. Chase Bank</u>, 11-15552.  (See Doc. 10).

Meanwhile, plaintiff purchased the property at a sheriff's sale on June 14, 2012.

Defendants did not redeem within the statutory period.  Thereafter, plaintiff filed a

complaint in the Municipal Court for Grosse Pointe Woods seeking to evict defendants

from the property.  On April 4, 2013, the state court granted judgment in favor of

plaintiff.  Defendants have appealed the order to the Wayne County Circuit Court, in

which it is currently pending.  Defendants also filed a motion to stay enforcement of the

judgment pending appeal, which is pending in the Municipal Court for Grosse Pointe

Woods.

Thereafter, defendants filed two notices of removal from Wayne County Circuit

Court regarding the eviction action.  They were docketed as two separate cases.  The

2

first case was filed on August 5, 2013.  <u>JP Morgan Chase Bank v. Mazur</u>, 13-13353.  It

was reassigned to the undersigned as a companion to the 2011.  On August 20, 2013,

the Court entered an order of remand (Doc. 6).  Defendants moved for reconsideration,

which was denied.  (Doc. 9).

 The second case was filed on August 18, 2013, <u>JP Morgan Chase Bank v.

Mazur</u>, 13-13439.  It too was reassigned to the undersigned as a companion to the

2011 case and the earlier filed 2013 case.  It is the case before the Court.  On August

27, 2013, the Court entered a similar order of remand in the second case.  <u>See</u> Doc. 6.[1]

 In both orders of remand, the Court cautioned defendants that further frivolous

filings may subject them to sanctions.

III.

A.

 Local Rule 7.1(h) allows a party to file a motion for reconsideration.  A motion for

reconsideration which presents the same issues already ruled upon by the court, either

expressly or by reasonable implication, will not be granted.  <u>Czajkowski v. Tindall &

Associates, P.C.</u>, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  The movant shall not only

demonstrate a palpable defect by which the court and the parties have been misled, but

also show that a different disposition of the case must result from a correction of any

such defect.  E.D. Mich. LR 7.1(h)(3).  A palpable defect is a defect that is obvious,

clear, unmistakable, manifest, or plain.  <u>Witzke v. Hiller</u>, 972 F. Supp. 426, 427 (E.D.

---

[1]Defendants have also moved for reconsideration of the remand order in case
no. 13-13429 (Doc. 8).

3

Mich. 1997).

B.

Defendants have not satisfied this standard.  While defendants continue to assert that there are multiple constitutional issues involved in the state court action relating to the property, the fact remains that the complaint - a state court eviction action - does not raise a federal question sufficient to invoke jurisdiction.  Moreover, defendants, as citizens of Michigan, cannot remove a case to federal court based on diversity of citizenship.  Nothing in defendants' motion or brief convinces the Court that it made a palpable error in remanding the case to state court.  To the extent defendants argue that the Court erred in remanding the case sua sponte, this argument lacks merit.  It is well-established that a district court may address the issue of subject-matter jurisdiction of a removed case sua sponte. Probus v. Charter Commc'ns, LLC, 234 F. App'x 404, 406 (6th Cir.2007).  Where, as here, subject-matter jurisdiction is lacking, a sua sponte remand is permitted.  See Lexington–Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet, 115 F. App'x 813, 816–17 (6th Cir. 2004), cert. denied, 544 U.S. 1049 (2005).

IV.

Defendants also move for disqualification of the undersigned.  There is no basis for disqualification, as explained below.

First, to force a judge to recuse himself or herself under Section 144, a litigant must submit, along with his motion, an affidavit stating "the facts and the reasons for [his] belief that bias or prejudice exists."  28 U.S.C. § 144.  Upon the filing of a "timely and sufficient affidavit," section 144 mandates that the assigned "judge shall proceed no further, but another judge shall be assigned to hear such proceeding."  Id.; see also

4

Bhd. of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R. Co., 380 F.2d 570, 576 (D.C.Cir. 1967) ("The disqualification statute, 28 U.S.C. § 144, is mandatory and automatic, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge."). "Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification." Robertson v. Cartinhour, 691 F.Supp.2d 65, 77 (D.D.C.2010); see also United States v. Miller, 355 F.Supp.2d 404, 405 (D.D.C.2005) ("disqualification is not automatic upon submission of affidavit and certificate"). Rather, recusal is required only upon the filing of a "timely and sufficient affidavit" alleging personal bias or prejudice of the judge. 28 U.S.C. § 144.

Here, defendants have not filed an affidavit that sets forth "the facts and the reasons for [his] belief that bias or prejudice [of the undersigned] exists." Even liberally construing defendants' filing as an affidavit, defendants simply state they believe the Court erred in remanding the case because it involves constitutional issues that should be heard in federal court. Other than disagreeing with the Court's ruling, defendants have not set forth any statement in the affidavit regarding bias or prejudice by the undersigned. As such, the motion may be denied on this ground.

Second, Section 455(a) provides, in pertinent part, that a federal judge "shall disqualify himself in any proceeding where his impartiality might reasonably questioned." Importantly, the law is well-established that adverse judicial decisions can form the basis for recusal only in the most extraordinary circumstances. See Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Grinnell Corp., 384 U.S. 563, (1966). In their motion for reconsideration, defendants have not alleged any improprieties by the undersigned, nor submitted any evidence of alleged bias by the

undersigned against defendants.  Moreover, as explained in the order of remand, the law is clearly established that this case should not have been removed.  As such, the Court concludes that a reasonable, objective person would not question: (a) the Court's order of remand, or (b) the undersigned's impartiality in this matter.

IV.

Accordingly, for the reasons stated above, there was no palpable defect upon which the Court or the parties were misled to warrant reconsideration.  In addition, defendants have failed to show that the undersigned should be disqualified. Defendants' motion is DENIED.

Defendants are again put on notice that future filings in this district regarding this matter may be deemed frivolous and vexatious and subject defendants to sanctions, which may include an order enjoining them from filing papers without leave of court. See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987).

SO ORDERED.

  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 17, 2013

Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 17, 2013, by electronic and/or ordinary mail.

  S/Sakne Chami
Case Manager, (313) 234-5160